UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERBERT S. OLSON,

    Plaintiff,

    v.

SAMUDRA PRIYA DIAS,

    Defendant.

_____/

No. C 08-3382 PJH

**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING DATE**

    Before the court is a motion to dismiss filed by pro se defendant Samudra Priya Dias ("defendant"). Plaintiff Herbert S. Olson ("plaintiff"), who is also pro se, did not oppose the motion. Nor did plaintiff file a statement of non-opposition pursuant to Civil Local Rule 7-3. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of April 21, 2010 is VACATED pursuant to Civil Local Rule 7-1(b). See also, e.g., Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991)(holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing). For the reasons stated below, defendant's motion to dismiss is DENIED.

    Plaintiff originally filed his complaint on July 14, 2008. See Complaint for Injunctive Relief and Damages ("Complaint"). In it, plaintiff, who is a "person with a disability," generally alleges that defendant failed to provide barrier free access to a motel owned by defendant – Skylark Shores – in violation of the federal Americans with Disabilities Act ("ADA") and the California Health & Safety Code, among other laws. See, e.g., Complaint, ¶¶ 1, 4-5. Plaintiff specifically alleges the existence of numerous obstacles to barrier free access, including several barriers to access that are located in motel room number 104, the

parking area outside the motel, and the motel's exterior.  <u>See id</u>., ¶ 4.

        Through a series of filings occurring on January 20 and March 10, 2010, defendant now moves to dismiss plaintiff's complaint.  The motion itself lacks clarity and is difficult to decipher.  However, its substance appears to contend that plaintiff "was not denied of hotel facilities, nor was he damaged by discriminatory experiences or denied of any civil rights."  <u>See</u> Def. Mot. Dismiss at p. 2 of 6.  Defendant also asserts that the facility has not experienced any construction or alterations since its original formation sometime between 1930 and 1960.  <u>See id</u>.  Turning to the law, defendant notes the legal elements of a prima facie claim alleging the presence of architectural barriers in an existing facility under the ADA, as well as the standards for determining whether the removal of a barrier is "readily achievable" under the statute, and then rather confusingly goes on to suggest that under the separate and distinct California Health & Safety Code § 19955, defendant's motel facility is not subject to § 19955 since no construction or alterations have occurred at the facility since 1970.  <u>Id</u>.  Finally, at the close of defendant's motion, defendant requests various conclusory rulings from the court, including: that the court "rule the facility to conduct business as it has been in the last 45+ years;" that the court "dismiss this law suit as it has no merits;" that the court "dismiss this case because it is an abusive litigation;" and that the court "dismiss this case to avoid causing hardship to a small business."  <u>Id</u>. at p. 5 of 6.  Defendant additionally notes that plaintiff is a "serial litigant," and includes citations to eleven unrelated actions purportedly filed by plaintiff between December 2007 and July 2008.

        Preliminarily, the court notes that the majority of defendant's motion, although filed under the guise of a motion to dismiss, in reality appears to seek summary adjudication on the merits of plaintiff's ADA and California Health & Safety Code claims.  Many of plaintiff's statements and arguments are not confined to the sufficiency of the allegations set forth in plaintiff's complaint, but instead seek a ruling from the court regarding the validity of the claims themselves and/or potential defenses that might prevent the entry of judgment

1. against defendant in connection with plaintiff's claims.  To the extent plaintiff is seeking
2. adjudication on the merits of plaintiff's claims or any defenses thereto, such a motion is
3. premature at this juncture and inappropriate, given that only 3 months ago, the court
4. specifically granted the parties until June 30, 2010 in which to complete discovery, and until
5. August 18, 2010 in which to file their summary judgment motions.  Nor has the court
6. received any request to deviate from this schedule.  Even if it were appropriate, moreover,
7. to treat defendant's request as a properly filed dispositive motion at this time, the early
8. timing of the motion means that defendant would be hard pressed to make a successful
9. showing, given that he has not filed a single piece of independent factual evidence (e.g.,
10. discovery response, deposition testimony, declarations) in support of the motion.  See, e.g.,
11. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(summary judgment is
12. appropriate when there is no genuine issue as to material facts before the court and the
13. moving party is entitled to judgment as a matter of law).

14.      To the extent that defendant's request might be construed as a proper request for
15. dismissal of plaintiff's ADA and California Health & Safety Code claims (the only claims
16. mentioned in defendant's papers), it can only be on the basis of defendant's suggestion
17. that plaintiff cannot/has failed to allege that defendant's facility presents a barrier prohibited
18. under the ADA, which barrier is "readily achievable."

19.      Turning to plaintiff's complaint, however, the court finds that plaintiff has adequately
20. alleged both the existence of numerous specific barriers that are purportedly in violation of
21. the ADA and state law requirements, and that the removal of such barriers was "readily
22. achievable."  See Complaint, ¶¶ 4, 27-29.  In the court's view, these allegations are
23. sufficient to withstand a motion to dismiss premised on the generic grounds advanced by
24. defendant.  See, e.g., Allarcom Pay Television, Ltd., v. Gen. Instrument Corp., 69 F.3d 381,
25. 385 (9th Cir. 1995)(review on motion to dismiss limited to the contents of complaint); Bell
26. Atlantic Corp. v. Twombly, 550 U.S., 555 (2007)(motion to dismiss should only be granted if
27. the complaint does not proffer enough facts to state a claim for relief that is plausible on its
28.

3

face).

In sum, and based on the foregoing, defendant's motion to dismiss is DENIED, to the extent it largely requests unsupported and premature relief.  It is furthermore DENIED, however, to the extent and on the limited grounds upon which defendant's papers may properly be construed to request dismissal of plaintiff's ADA and state law claims on grounds that plaintiff has failed to allege valid claims for relief, in accordance with the standards set forth by Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED**.

Dated: April 14, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge