UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERBERT S. OLSON,

    Plaintiff,

    v.

SAMUDRA PRIYA DIAS,

    Defendant.

_____/

No. C 08-3382 PJH

**ORDER DENYING SUMMARY JUDGMENT AND VACATING HEARING DATE**

Before the court is a motion for summary judgment filed by pro se defendant Samudra Priya Dias ("defendant"). Plaintiff Herbert S. Olson ("plaintiff"), who is also pro se, did not oppose the motion. Nor did plaintiff file a statement of non-opposition pursuant to Civil Local Rule 7-3. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of September 29, 2010 is VACATED pursuant to Civil Local Rule 7-1(b). See also, e.g., Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991)(holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing). For the reasons stated below, defendant's motion for summary judgment is also DENIED.

Plaintiff originally filed his complaint on July 14, 2008. See Complaint for Injunctive Relief and Damages ("Complaint"). In it, plaintiff, who is a "person with a disability," generally alleges that defendant failed to provide barrier free access to a motel owned by defendant – Skylark Shores – in violation of the federal Americans with Disabilities Act ("ADA"), California Health & Safety Code § 19955 et seq., California Civil Code §§ 54, 54.1 and 54.3, and California Civil Code §§ 51 and 51.5. See, e.g., Complaint, ¶¶ 1, 4-5.

Plaintiff specifically alleges the existence of numerous obstacles to barrier free access, including several barriers to access that are located in motel room number 104, the parking area outside the motel, and the motel's exterior. See id., ¶ 4.

Defendant now moves for summary judgment. The motion itself lacks clarity and is difficult to decipher. The court cannot clearly ascertain, for example, whether defendant seeks summary judgment as to one claim, multiple claims, or the complaint in its entirety. Defendant asserts that summary judgment is sought with respect to plaintiff's injunctive relief claim, and also with respect to plaintiff's damages claim – both of which are alleged as remedies in plaintiffs' complaint, rather than affirmative causes of action. And while defendant appears to challenge plaintiff's claim under the ADA, defendant makes no specific references to the remaining claims asserted by plaintiff. Furthermore, defendant's motion appears incomplete in parts. Defendant asserts, for example, that "all pertinent facts are separately set forth in Defendant's Statement of Undisputed Material Facts filed herewith." However, the court can discern no such statement filed in connection with defendant's motion, nor is there any such filing reflected on the docket (assuming that the court were to find such a filing were permissible under the local rules).

Turning to the merits of defendant's arguments, defendant's motion includes two broadly stated arguments. First, defendant argues that plaintiff cannot seek injunctive relief as a remedy for his ADA or other claims, because plaintiff has failed to prove any injury. Specifically, defendant argues that the numerous "barriers" and obstacles to access alleged in plaintiff's complaint, do not exist. Second, defendant contends that plaintiff cannot maintain a claim for damages under various provisions of the California Civil Code, because such damages are not available, in view of plaintiff's inability "to demonstrate a violation of the ADA."

Liberally construed, each of these arguments essentially boils down to one: that plaintiff is unable to establish defendant's actual violation of the ADA's requirements, thus warranting entry of summary judgment with respect to this claim, at a minimum.

This argument must ultimately be found unpersuasive.  As defendant correctly cites in the moving papers, the standard for ruling on summary judgment is governed by Federal Rule of Civil Procedure 56.  As set forth therein, summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Critically, a party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Even on an issue where the nonmoving party will bear the burden of proof at trial, the moving party must come forward and indicate to the district court that there is an absence of evidence to support the nonmoving party's case.  Id., 477 U.S. at 324-25.

Here, defendant has not identified a single piece of independent factual evidence (e.g., discovery response, deposition testimony, declarations) that demonstrate the absence of a genuine issue of material fact, with respect to any requisite element of plaintiff's ADA claim.  Nor has defendant explicitly pointed out to the court the precise elements of plaintiff's ADA claim – or any other alleged claim – that are not supported by any independent evidence.  To be sure, defendant relies on defendant's accompanying declaration for support of the motion.  But defendant's declaration contains numerous unsubstantiated statements that in conclusory fashion contradict the presence of "barriers" noted by plaintiff in his complaint.  A conclusory self-serving declaration, without more, cannot satisfy defendant's burden in moving for summary judgment pursuant to Rule 56.

As such, defendant's motion for summary judgment is DENIED.

Furthermore, it is unclear to the court whether the parties have even engaged in the type of discovery exchanges that would allow defendant to present a fully supported Rule 56 motion to the court.  While the court clearly instructed the parties to commence discovery at the January 7, 2010 case management conference in this action, there is no indication from the docket that any such discovery efforts in fact took place.  In addition,

plaintiff's failure to respond to the prior motion to dismiss filed by defendant in this action, or to respond to the instant motion filed by defendant, also casts doubt on whether plaintiff is diligently prosecuting the instant action.

As such, the court hereby ORDERS the parties to appear at a further case management conference, on October 21, 2010, at 2:00 p.m. As the discovery deadline has passed, as well as the dispositive motions deadline, it is time to set this matter for a settlement conference and if not successful, a trial.

**IT IS SO ORDERED.**

Dated: September 24, 2010

PHYLLIS J. HAMILTON
United States District Judge